THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES MOORE, Appellant.— Judgment of the Supreme Court, Kings County, rendered January 19, 1965, reversed, on the law and the facts, and new trial ordered. The judgment convicted defendant *inter alia* of robbery in the first degree, upon a jury verdict. Upon the trial, the People were allowed, over defendant's objection, to elicit testimony from a police officer that the complainant had identified defendant after defendant had been apprehended by the officer and taken to the robbery scene, where the elderly complainant was seated in a police car. In summation, the People relied upon the officer's testimony to support the positive trial identification of the complainant. On the complainant's cross-examination it was established that shortly after the robbery he had stated at a stationhouse, to which he was taken after having identified defendant, (1) that he was not sure that defendant was one of several robbers who had attacked him from behind and who had beaten him during the robbery and, (2) in effect, that he believed defendant to have been one of the robbers because the officer who had apprehended defendant had stated that he had observed defendant running from the scene of the robbery. In our opinion, the admission of the police officer's testimony constituted reversible error (Code Crim. Pro., § 393-b; *People* v. *Trowbridge,* 305 N. Y. 471; *People* v. *Herrmann,* 9 N Y 2d 665; *People* v. *Cioffi,* 1 N Y 2d 70; *People* v. *Ervin,* 24 A D 2d 996; see Wall, Eye-Witness Identification in Criminal Cases, pp. 147–165). A mere showing by a defendant that an identification witness had made a pretrial identification of defendant inconsistent with the witness' trial identification does not, without more, constitute a charge by defendant that the witness' trial identification was given pursuant to a plan or contrivance to give false testimony. (Cf. McCormick, Evidence, § 49.) Hence, the testimony of the police officer that the complainant had positively identified defendant at the robbery scene was not admissible to prove that the complainant had then made an

identification consistent with his trial identification of defendant (cf. *People* v. *Jung Hing*, 212 N. Y. 393, 402; *People* v. *Garcia*, 7 A D 2d 492). Brennan, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.